IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO.: 2:21-cv-1450-RMG

Jannie McKenzie,

        Plaintiff,

-vs-

United States of America,

        Defendant.

**C O M P L A I N T**

The Plaintiff would respectfully show:

1. The Plaintiff is a resident of the State of South Carolina.

2. The Defendant, United States of America, operates the United States Postal Service and is a proper defendant as contemplated by the Federal Tort Claims Act, 28 USCA 1346(b) and 28 USCA 2671 et seq.

3. Upon information and belief, the Defendant owns, operates, maintains, and/or manages the parking lot and commercial space located at 12306 Highway 301 in Gable, South Carolina, where Plaintiff was lawfully on the premises as an invitee on or about March 15, 2018. As the Plaintiff was exiting her vehicle, she stepped into a pothole in the parking lot and fell. This incident, which was caused by the negligence of the Defendant, resulted in severe, painful, and permanent injuries to the Plaintiff.

4. The Defendant had a duty to maintain its parking lot, public ways, and/or any easements or encroachments in reasonable repair and in a safe condition for the purposes of safe travel thereon.

5. The Defendant knew or should have known that the parking lot and/or commercial space located at 12306 Highway 301 in Gable, South Carolina was frequently used by many customers and invitees, including the Plaintiff, and that the Plaintiff would encounter the unreasonably dangerous unmarked pothole.

6. The unmarked pothole was disguised, easily hidden, and unreasonably dangerous prior to and during Plaintiff's fall and the Defendant knew, or with the exercise of reasonable care, diligence, and inspection should have known, or had constructive knowledge, and/or actual notice of the hazardous condition of said trip hazard in the parking lot.

7. The dangerous and defective condition, a trip hazard created by the pothole in the parking lot, was neither open nor obvious, and Plaintiff assumed no risk.

8. As a result of the incident, the Plaintiff fractured her right ankle, which has caused, and will in the future cause, the Plaintiff to undergo much physical pain, suffering, mental anguish, emotional distress and impairment of health and bodily efficiency, and has caused, and will in the future cause, the Plaintiff to have to spend money for medical services.

9. Defendant through the actions of its agents, servants, and/or employees of Defendant, United States of America, was negligent, careless, reckless, and grossly negligent at the time and place aforementioned in the following particulars:

    a. In failing to use reasonable care to maintain its parking lot in a reasonably safe condition for customers and/or invitees;

    b. In failing to use reasonable care to inspect the parking lot for trip hazards;

    c. In failing to regularly inspect the parking lot under their control;

    d.    In failing to maintain the parking lot in a reasonably safe condition for necessary pedestrian use after notice of the trip hazard;

    e.    In failing to correct an unreasonably dangerous condition;

    f.    In failing to adequately warn invitees of the unreasonably dangerous condition;

    g.    In failing to adequately construct the parking lot;

    h.    In creating and allowing a dangerous and defective condition to exist in its parking lot;

    i.    In failing to take precautions to lessen the risk of injury to the Plaintiff and other customers and/or invitees to the Defendant's premises;

    j.    In permitting and allowing the dangerous condition to exist after the Defendant knew or should have known that the condition was present and hazardous to the Plaintiff and other customers and invitees;

    k.    In failing to train employees, agents, and/or servants of the Defendant to maintain a safe premises free of conditions which may pose hazards to invitees and/or customers of the Defendant;

    l.    In failing to utilize the degree of care that a reasonable and prudent person would have exercised under the same or similar circumstances;

    m.    In such other particulars as will be shown at trial.

All of which were the direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the statutes, common laws, and standards of care.

    10.    The Plaintiff is informed and believes that the Plaintiff is entitled to judgment in this matter as set out below.

    11.    The conduct of the Defendant set forth above was a proximate cause of the

Plaintiff's severe and permanent injuries, resulting in injuries and damages including past, present and future pain, medical expenses, suffering; lost wages; mental and emotional anguish and illness; disability; impairments which affect her enjoyment of life.

12. As a direct result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness on the part of the Defendant, as aforesaid, the Plaintiff has been actually damaged.

**WHEREFORE**, the Plaintiff prays for judgment for actual damages, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

> s/ John R. Moorman
> JOHN R. MOORMAN, Fed ID # 10039
> J. THOMAS McELVEEN, III, Fed ID #9883
> Attorneys for Plaintiff
> BRYAN LAW FIRM OF SC, L.L.P.
> Post Office Box 2038
> 17 E. Calhoun Street
> Sumter, South Carolina 29151
> **Telephone:** (803) 775-1263
> **Facsimile:** (803) 778-1300
> **E-mail:** jmoorman@bryanlaw.com
> tmcelveen@bryanlaw.com

Sumter, South Carolina
May 14, 2021